1UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMIERBAKS KARIMBUX, on behalf of                      Index No. 19-CV-561
himself and all other persons similarly situated,

       Plaintiff,    **COMPLAINT**

  -against-

BELLEROSE SERVICE ENTERPRISE, LLC
d/b/a BELLEROSE CAR CARE,
EXXON MOBIL CORP., and JOHN DOE,

       Defendants.
------------------------------------------------------------X

  Plaintiff Amierbaks "Roy" Karimbux ("Plaintiff"), on behalf of himself and all other

similarly situated persons, by and through his counsel, Bell Law Group PLLC, as and for his

Complaint in this action against Defendants Bellerose Service Enterprise, LLC d/b/a Bellerose

Car Care ("Bellerose Car Care"), Exxon Mobil Corp. ("Mobil") and John Doe ("Doe")

(collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

  1.  Plaintiff brings this action, on behalf of himself and on behalf of all other

similarly situated persons, to recover for (1) unpaid overtime which Defendants failed to pay in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; (2) unpaid

overtime which Defendants failed to pay in violation of the New York Labor Law ("NYLL"), §§

650, *et seq.*; (3) unpaid minimum wage in violation of the NYLL; (4) unpaid spread-of-hours

wages under the Minimum Wage Order, 12 NYCRR § 142-2.4; (5) unpaid uniform maintenance

pay under the Minimum Wage Order, 12 NYCRR § 142-2.5; (6) failure to provide Plaintiff with

an accurate wage statement with each payment as required by the NYLL, Section 195; (7) failure

to provide Plaintiff with an accurate wage notice upon hiring Plaintiff in violation of NYLL

Section 195; and (8) unjust enrichment.

2.      Moreover, Plaintiff brings this action to recover for: (1) unlawful discrimination

on the basis of disability in violation of the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. §§ 12201, *et seq.*; and (2) unlawful discrimination on the basis of disability in

violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et

seq.*

3.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to

29 U.S.C. § 216(b), on behalf of himself and all other similarly situated persons who were/are

employed by Defendants as cashiers, cleaning employees and/or other similar positions, who

were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all

hours worked in excess of 40 hours per workweek for the period of three (3) years prior to the

date of the filing of this complaint to the date of the final disposition of this action (the "FLSA

Collective Period").  Plaintiff and all such other similarly situated persons are jointly referred to

herein as the "FLSA Collective."

4.      Members of the FLSA Collective are similarly situated because they were all

subject to Defendants' common policy and/or practice that resulted in not paying overtime at a

rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours

per workweek during the FLSA Collective Period.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction

over this action because the action involves federal questions regarding the deprivation of

Plaintiff's rights under the FLSA and the ADA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL and NYSHRL.

6.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

7.      Plaintiff's claims are properly consolidated as a single action because his claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PROCEDURAL REQUIREMENTS

8.      Following the commencement of this action, Plaintiff will file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Following his receipt of a Notice of Right to Sue, Plaintiff will seek leave to file an Amended Complaint to include claims under the ADA.

9.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

10.      Plaintiff Amierbaks Karimbux is a resident of the State of New York, residing at 9307 241st Street, Bellerose, New York 11426.

11.      At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

12.      Upon information and belief, Defendant Bellerose Service Enterprise, LLC is a New York corporation with a principal place of business at 240-40 Jericho Turnpike, Bellerose, New York 11001.

13.     At all relevant times, Bellerose Car Care was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

14.     Upon information and belief, Defendant Exxon Mobil Corp. is a New Jersey corporation with places of business in all 50 states, including New York, as well as internationally.

15.     At all relevant times, Mobil was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

16.     Defendant John Doe (a/k/a "Aftab") is the Owner of Bellerose Car Care.  At all relevant times, "Aftab" controlled the operations and determined the policies and practices of Bellerose Car Care, including, but not limited to, how employees are/were compensated.

17.     Defendant "Aftab" was and remains an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

18.     Defendants Mobil and Bellerose Car Care sell gasoline, offer car repairs, and other automotive services to the public.

19.     Plaintiff worked for Defendants for approximately three (3) years as a cashier, from on or about May 9, 2015 until on or about June 15, 2018.

**I.     FLSA and NYLL Allegations**

20.     Plaintiff and the FLSA Collective all had similar job duties, which included cleaning and maintaining Defendants' premises, working as cashiers and other similar duties.

21.     Plaintiff regularly worked well over 40 hours per workweek.

22.    Plaintiff typically worked 12-hour shifts overnight, between 6 PM and 6 AM.

23.    Starting in or around 2015, Plaintiff began working between five (5) and seven (7) days per week, with each day including at least a 12-hour shift.

24.    At all relevant times, Plaintiff and the FLSA Collective were paid only straight wages for all hours worked.

25.    During the FLSA Collective Period, Plaintiff and the FLSA Collective were never paid one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek.

26.    From the date of Plaintiff's hire until on or about November 19, 2016, Plaintiff was paid at a rate of $7.50 per hour – well below the New York State minimum wage.

27.    From on or about November 19, 2016 until his termination on or about June 15, 2018, Plaintiff was paid at a rate of $8 per hour, also well below the New York State minimum wage.

28.    At all relevant times, including at the time of his hire, with each change in pay rate and with each payment of wages, Defendants failed to provide Plaintiff with an accurate statement or notice of his full wages, hours worked, regular rate of pay, overtime rate of pay, or other information required by NYLL § 195(1)-(3).

29.    At all relevant times, Plaintiff was required to wear a uniform consisting of pants and a shirt with logos, which could not be worn as part of Plaintiff's ordinary wardrobe.

30.    The clothes were of a particular style determined by Defendants.

31.    The clothing that Plaintiff was required to wear while working for Defendants constitutes a uniform within the meaning of the NYLL.

32.    This mandated uniform cannot be cleaned along with Plaintiff's every-day clothing and requires dry cleaning and/or other special treatment.

33.    Defendants did not wash and maintain the uniform for Plaintiff.

34.    Defendants did not reimburse Plaintiff for the cost of cleaning and maintaining the uniform.

35.    Plaintiff regularly worked more than ten (10) hours in a day.

36.    However, Defendants failed to pay Plaintiff an extra hour at the minimum wage rate for each day in which the time between the beginning and end of his shift(s) exceeded ten (10) hours in a day.

37.    Defendants knew that the foregoing acts violated the FLSA and the NYLL and would economically injure Plaintiff and the FLSA Collective.

**II.    ADA and NYSHRL Allegations**

38.    At all relevant times Plaintiff suffered and suffers from a mental disability (depression).

39.    On or about June 15, 2018, Plaintiff fell while working for Defendants and was seriously injured.

40.    After this injury, Plaintiff sought medical attention, which resulted in a recommendation from Plaintiff's treating physician that Plaintiff not work for seven (7) days.

41.    Plaintiff promptly requested workers' compensation policy information from Defendants, but Defendants refused to provide it.

42.    As a result, Plaintiff was unable to receive the treatment he needed, resulting in his continued inability to work due to his injuries and extreme pain and suffering.

43.    This pain and suffering exacerbated Plaintiff's mental disability.

44.    In or around late June, Plaintiff was hospitalized for approximately 12 days as a result of the exacerbation of his mental disability.

45.    Upon Plaintiff's hospitalization, Plaintiff informed Defendants of his hospitalization through his brother.

46.    Upon Plaintiff's release from the hospital, Defendants promptly terminated Plaintiff's employment.

47.    Defendants knew that the foregoing acts violated the ADA and the NYSHRL and that they would economically and otherwise injure Plaintiff.

48.    Defendants committed the foregoing acts knowingly, intentionally and willfully.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of the FLSA Collective.

50.    The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiff, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

51.    The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

52.    During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

53.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

54.     Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

55.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their overtime, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiff and the FLSA Collective and pre- and post-judgment interest.

56.     The exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, but upon information and belief, Defendants are in possession of this information.

57.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

58.     Plaintiff brings his claims under the New York Labor Law and unjust enrichment claims as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as hourly employees who have not been paid minimum wage and/or overtime at a rate of one and

one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek for the period of six (6) years prior to the filing of this complaint to the date of the final disposition of this action (the "NYLL Class Period"). Plaintiff and all other such situated persons are jointly referred to herein as the "NYLL Class."

59.    The NYLL Class are similarly situated because they were all subject to Defendants' knowing, intentional, common, uniform and company-wide policy and/or practice of not paying minimum wage and/or overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek during the NYLL Class Period.

60.    During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the overtime provisions of the NYLL.

61.    As a result of the conduct as alleged herein, Defendants violated the NYLL by, *inter alia*, not paying Plaintiff and the NYLL Class wages of at least those set as the minimum wage by the State of New York. Defendants further violated the NYLL by, *inter alia*, not paying Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

62.    Defendants' violations of the NYLL were willful, repeated, knowing, intentional and without a good faith basis, and significantly damage Plaintiff and the NYLL Class.

63.    As a result of their conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wage and overtime wages, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

64.    Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the

claims of the NYLL Class.  Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

65.    Plaintiff's claims raise questions of law and fact common to the NYLL Class. Among these questions are:

     a.    Whether Defendants failed to pay Plaintiff and the NYLL Class minimum wage for all hours worked;

     b.    Whether Defendants failed to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek during the NYLL Class Period;

     c.    Whether Defendants' failure to pay minimum wage to Plaintiff and the NYLL Class constitutes a violation of the NYLL;

     d.    Whether Defendants' failure to pay overtime to Plaintiff and the NYLL Class constitutes a violation of the NYLL; and

     e.    Whether Defendants' violations of the NYLL and/or its regulations were willful.

66.    These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

67.    Plaintiff is a member of the NYLL Class that he seeks to represent.  Plaintiff's claims are typical of the claims of the NYLL Class.  The relief Plaintiff seeks for the unlawful

policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

68.    Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case.  Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiff has retained counsel who are qualified and experiences in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

69.    Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

70.    Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

71.    The common issues of law and fact affecting Plaintiff's claims and those of the NYLL Class, including the common issues identified above, predominate over any issues affecting only individual claims.

72.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

73.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendants' liability.

74.     The NYLL Class is so numerous that the joinder of all members is impracticable. While the exact number of persons within the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are dozens of similarly situated persons who were or are employed by Defendants as hourly employees during the NYLL Class Period.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)
### As to Plaintiff and the FLSA Collective

75. Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

76. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

77. During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

78. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

79. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

80. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)
As to Plaintiff**

81. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

82. NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA.

83. Plaintiff was not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

84. At all relevant times, Defendants knew that Plaintiff worked more than forty (40) hours per workweek for Defendants.  However, Defendants intentionally did not properly pay him overtime for hours worked in excess of forty (40) per workweek.

85. As a result of Defendants' failure to pay Plaintiff overtime at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its regulations.

86. The foregoing conduct of Defendants constitutes willful violations of the NYLL and its regulations.

87. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitles him to recover the total amount of his unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

### THIRD CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)**
**As to Plaintiff**

88. Plaintiff hereby repeats and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

89. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

90. Plaintiff was not exempt from the requirement that Defendants pay him the prevailing minimum wage for all hours worked under the NYLL.

91. At all relevant times, Defendants did not pay Plaintiff the prevailing minimum wage for all hours worked for Defendants.

92. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendants violated the NYLL.

93. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

94. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him
    to recover the total amount of his unpaid minimum wage, an additional amount in
    liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

### FOURTH CAUSE OF ACTION
#### (Failure to Pay Spread of Hours Wages under
NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4)
As to Plaintiff

95. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of
    the preceding paragraphs as if fully set forth and contained herein.

96. The NYLL and its regulations require covered employers, such as Defendants, to pay all
    non-exempt employees one additional hour's pay at the minimum wage for each day the
    employee's shift(s) cover more than ten (10) hours in a day.

97. Plaintiff was not exempt from the requirement that Defendants pay him spread of hours
    wages.

98. At all relevant times, Defendants failed to pay Plaintiff one additional hour's pay at the
    minimum wage for each day Plaintiff's shift(s) spanned more than ten (10) hours in a day
    in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4.

99. As a result of Defendants' failure to pay spread of hours wages, Defendants violated the
    NYLL and/or its regulations.

100.    The foregoing conduct of Defendants constitutes willful violations of the NYLL
    and/or its regulations.

101.    Defendants' violations of the NYLL and/or its regulations have significantly
    damaged Plaintiff and entitle him to recover the total amount of his unpaid spread of

hours wages, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL Uniform Maintenance Violations)
### As to Plaintiff

102.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

103.    At all relevant times, Defendants required Plaintiff to wear uniforms as they are defined by 12 N.Y.C.R.R. § 142-2.22.

104.    At all relevant times, Defendants required Plaintiff to clean and maintain his uniform at his own expense in violation of the NYLL, including, but not limited to, 12 N.Y.C.R.R. § 142-2.5.

105.    As a result of Defendants' failure to reimburse Plaintiff for the costs of cleaning and maintaining his uniform, Defendants violated the NYLL and/or its regulations.

106.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

107.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiff and entitle him to recover the required uniform maintenance reimbursement, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## SIXTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2))
### As to Plaintiff

108.      Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

109.      NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

110.      Plaintiff was not exempt from this requirement.

111.      Defendants failed to furnish accurate wage notices to Plaintiff in violation of NYLL § 195(1)-(2) by, *inter alia*, failing to provide Plaintiff notices of his wages and/or changes thereto upon hire and/or upon any changes to his wages.

112.      The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

113.      Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him to recover damages of fifty (50) dollars for each work day that such violations occurred and/or continue to occur, up to a total of $5,000, together with attorneys' fees and costs and pre- and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3))
### As to Plaintiff

114.      Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

115.      NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

116.      Plaintiff was not exempt from this requirement.

117.      Defendants failed to furnish accurate wage statements to Plaintiff in violation of

NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his

full wages, hours worked, regular rate of pay, overtime rate of pay and/or other

information required by NYLL § 195(3).

118.      The foregoing conduct of Defendants constitutes willful violations of the NYLL

and/or its regulations.

119.      Defendants' violations of the NYLL have significantly damaged Plaintiff and

entitle him to recover damages of $250 for each day that such violations occurred and/or

continue to occur, up to a total of $5,000 together with attorneys' fees and costs and pre-

and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### As to Plaintiff

120.      Plaintiff hereby repeats and re-alleges each and every allegation as contained in

each of the preceding paragraphs as if fully set forth and contained herein.

121.      As a result of the unlawful conduct described above, Defendants have been and

will continue to be unjustly enriched by receiving the value and benefit of work from

Plaintiff without paying him proper wages.

122.      Defendants have benefitted from their unlawful acts at the expense of Plaintiff

and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten

gains.

123.      Plaintiff is entitled to the amount of Defendants' ill-gotten gains resulting from its

unlawful, unjust, and inequitable conduct in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(Discrimination in Violation of New York State Human Rights Law)**
**As to Plaintiff**

124.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

125.     Defendants have discriminated against Plaintiff on the basis of his disability in violation of the New York State Human Rights Law by denying him equal terms and conditions of employment, including, but not limited to, unlawfully terminating his employment because of his disability and/or because Defendants regarded him as disabled.

126.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

127.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, respectfully request that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.       Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in similar positions to Plaintiff during the New York Class Period and the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.       Designate Plaintiff as representative of the FLSA Collective;

D.       Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

E.       Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in similar positions to Plaintiff during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.       Designate Plaintiff as representative of the New York Class, and his counsel of record as class counsel;

G.       Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the New York Class, an additional equal amount in liquidated damages,

attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

H.    Enjoin Defendants from engaging in any acts of illegal retaliation; and

I.    Grant Plaintiff, the FLSA Collective and the New York Class such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: January 29, 2019
        Garden City, New York

Respectfully submitted,

BELL LAW GROUP, PLLC


By: _____/s/_____
        Andrea Batres, Esq.
        100 Quentin Roosevelt Boulevard
        Suite 208
        Garden City, NY 11530
        Tel: 516.280.3008
        Fax: 212.656.1845
        ab@belllg.com
        *Attorneys for Plaintiff*